UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LITTLE MACK ENTERTAINMENT
II, INC.,

      Plaintiff,

v.                                          Case No. 4:05-CV-128

MARENGO TOWNSHIP,                HON. GORDON J. QUIST

      Defendant.
_____/

## OPINION

### Background

Plaintiff, Little Mack Entertainment II ("LM II"), filed its complaint in this case against Defendant, Marengo Township (the "Township"), on November 15, 2005, pursuant to 42 U.S.C. § 1983 seeking declaratory and injunctive relief. LM II alleged that the Township's zoning ordinance, in whole or in part, was unconstitutional because it violated the First, Fifth, and Fourteenth Amendments, specifically with regard to adult businesses. In particular, LM II alleged that the ordinance was unconstitutional because it required adult businesses to obtain conditional use permits and because it required that adult uses be located at least 750 feet from various land uses, including residential districts, churches, etc. LM II also sought a preliminary injunction and supported its motion with an affidavit by Bruce McLaughlin, who concluded that the 750 foot restriction effectively precluded adult businesses in the Township because no commercial sites were available for an adult business.

On November 25, 2005, The Township responded with a motion to dismiss on the grounds that Little Mack was not the real party in interest and LM II did not exhaust its administrative

remedies by submitting an application for a conditional use permit to the Township. LM II filed a response, in which it submitted proof that it is a sub-lessee of the subject premises and therefore has standing as the real party in interest. LM II also cited case law holding that exhaustion of state administrative remedies is not required before bringing a § 1983 action.

On December 5, 2005, the parties appeared for a hearing on the motion for preliminary injunction. After discussing the issue, the parties agreed that LM II would apply for a conditional use permit and that the Township would decide by January 9, 2006, whether it would permit LM II to operate an adult business. The Township ultimately denied LM II's request, and the Court set LM II's motion for preliminary injunction for a hearing to be held on February 6, 2006. On February 2, 2006, the Township filed a motion to dismiss, arguing that this case is moot because: (1) on December 16, 2005, the Township passed Ordinance No. 2005-4, governing sexually-oriented businesses, which does not require conditional use permits for such businesses but instead only requires that sexually-oriented businesses be located at least 600 feet from parcels zoned for residential purposes; and (2) on January 31, 2006, the Township amended the zoning ordinance to eliminate the conditional use requirement for adult entertainment businesses in the Highway Service District and to provide that such businesses may be located by right in the Highway Service District and the Light Industrial District, subject to the 600-foot restriction.

In lieu of the February 6 hearing on LM II' motion for preliminary injunction, the Court held an in-chambers telephone status conference with counsel. Pursuant to that conference, on February 8, 2006, the Court entered an Order setting forth the time for LM II to file an amended complaint regarding the amended zoning ordinance and the time for LM II to file its motion for preliminary injunction regarding the amended zoning ordinance. In accordance with the February 8, 2006, Order, LM II filed its first amended complaint on February 20, 2006, and filed its response to the

Township's motion to dismiss for mootness on March 6, 2006. However, LM II did not file its motion for a preliminary injunction regarding the amended zoning ordinance. The Township filed its answer to the first amended complaint on March 14, 2006.

## Discussion

### I. Motion To Dismiss For Lack Of Standing And Failure To Exhaust

The Township initially responded to this case by filing a motion to dismiss, in which it alleged that LM II is not the real party in interest. In its response, LM II provided evidence showing that it is a sub-lessee of Relm Investments, which leases the property from Partello Investments. LM II has shown, and the Township no longer disputes, that LM II is the real party in interest and has standing to maintain this action. See Kardules v. City of Columbus, 95 F.3d 1335, 1346 (6th Cir. 1996). In addition to its real party in interest argument, the Township argued that the complaint must be dismissed because LM II failed to exhaust its administrative remedies. This argument, however, is contrary to law, which provides that a plaintiff need not exhaust state remedies prior to bringing a § 1983 claim in federal court. See Macene v. MJW, Inc., 951 F.2d 700, 703 (6th Cir. 1991) ("As a general matter, exhaustion of state remedies is not a prerequisite to the bringing of a § 1983 action in federal court."). Accordingly, the Court will deny this motion.

### II. Motion To Dismiss For Mootness

The Township contends that the Court must dismiss this case because the Township's passage of Ordinance No. 2005-4 and its amendment of the zoning ordinance, both of which eliminated the conditional use requirement for sexually-oriented businesses and require only that such businesses be located at least 600 feet from parcels zoned for residential purposes, have rendered this case moot. Because mootness implicates a federal court's jurisdiction under Article III's "case or controversy" requirement, courts lack judicial power to entertain and decide moot

cases. See Los Angeles County v. Davis, 440 U.S. 625, 631, 99 S. Ct. 1379, 1383 (1979). A case becomes moot "'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" Id. (quoting Powell v. McCormack, 395 U.S. 486, 496, 89 S. Ct. 1944, 1951 (1969)). Stated differently, "a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief. If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." Al Najjar v. Ashcroft, 273 F.3d 1330, 1335-36 (11th Cir. 2001) (per curiam). Generally, the repeal or amendment of an unconstitutional statute or ordinance moots a legal challenge to the constitutionality of the repealed law because a court "can neither declare unconstitutional nor enjoin the enforcement of a provision that is no longer in effect." Brandywine, Inc. v. City of Richmond, 359 F.3d 830, 836 (6th Cir. 2004); Nat'l Advertising Co. v. City of Miami, 402 F.3d 1329, 1332 (11th Cir. 2005) ("A change in the law, such as amending a zoning ordinance as here, or a change in other circumstances can give rise to mootness.").

      LM II contends that, in spite of the adoption of the Ordinance 2005-4 and the amendment of the zoning ordinance, the case is not moot for two reasons. First, it points out that its first amended complaint challenges the legality of the new ordinances. Second, it notes that it has alleged in its first amended complaint that the amendment to the zoning ordinance is not valid because the adoption procedures did not comply with state law. LM II asserts that if the amended zoning ordinance and Ordinance 2005-4 (which it alleges is actually a zoning ordinance) were not properly adopted, they are void *ab initio*, and the original zoning ordinance is still in issue. The Township appears to concede that LM II's first amended complaint presents a live issue with respect to the legality of Ordinance 2005-4 and the amended zoning ordinance, but it argues that "the portion of

4

the Amended Complaint dealing with the original ordinance should be dismissed" because LM II's arguments regarding the validity of the amendment are too speculative. (Def.'s Reply Mem. at 2.) The Court disagrees. LM II asserts that the original ordinance is still in play because the amendment was not properly adopted. This is an issue properly before the Court. If LM II is correct, the original ordinance will once again be in issue. There is nothing speculative about this claim. Accordingly, the Court will deny this motion.

### III.  Motion For Preliminary Injunction

Because LM II's pending motion for preliminary injunction concerns only the original zoning ordinance, the Court will deny that motion without prejudice and will order LM II to file its amended motion for preliminary injunction within twenty-eight days.

### Conclusion

For the foregoing reasons, the Court will deny the Township's motions to dismiss. The Court will also deny LM II's motion for preliminary injunction without prejudice.

An Order consistent with this Opinion will be entered.


Date:  July 11, 2006                             /s/ Gordon J. Quist
                                            GORDON J. QUIST
                                       UNITED STATES DISTRICT JUDGE